**Martin BIRCH, Petitioner—Appellant,**

v.

**Anthony SANTOS, Respondent— Appellee.**

No. 05–36214.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2007 *.

Filed April 2, 2007.

Anthony David Bornstein, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Erin C. Lagesen, Esq., Attorney General Office of Oregon, Salem, OR, for Respondent–Appellee.

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM **

The district court properly denied Appellant Martin Birch's (Birch) habeas petition. The Oregon Board of Parole and Post–Prison Supervision's (Board) postponement of Birch's parole did not violate the Ex Post Facto Clause of the United States Constitution because the Board applied the statute in effect at the time of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Birch's commitment offenses. *See Himes v. Thompson,* 336 F.3d 848, 854 (9th Cir. 2003) (requiring a showing that "the regulations ... have been applied retroactively to the defendant" to establish an *ex post facto* violation) (citation omitted); *see also* Or.Rev.Stat. § 144.125(3) (1981) (1989).[1]

The psychological evaluation contained the prerequisite diagnosis as required under Or.Rev.Stat. § 144.125 (1981). In addition, the record supports the Board's determination of "present severe emotional disturbance such as to constitute a danger to the health or safety of the community." Reviewing that determination for "some evidence," *see Sass v. Bd. of Prison Terms,* 461 F.3d 1123, 1128 (9th Cir.2006), we affirm the district court's judgment.

**AFFIRMED.**

---

**1.** It is unclear whether the Board considered Birch's commitment offenses to have occurred in 1981 or 1989. However, Or.Rev. Stat. § 144.125 was the same for both years. *See* Or.Rev.Stat. § 144.125(3) (1981) (1989).